COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-290-CR

 

 

JERIMIAH DAVID CHAVANA                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Jerimiah David Chavana appeals
following the adjudication of his guilt for burglary of a building.  In a single point, Chavana argues that the
trial court abused its discretion by adjudicating him guilty of the offense of
burglary of a building because the evidence was insufficient to support the
allegations contained in the State=s motion
to proceed to adjudication.  We will
affirm.

II.  Procedural Background

Chavana pleaded guilty to the offense of burglary
of a building on February 27, 2007, and the trial court placed him on deferred
adjudication community supervision for a period of four years.  In accordance with the conditions of his
community supervision, Chavana was required, among other things, to A[c]ommit
no offense against the laws of this State . . . .@; to A[a]void
injurious or vicious habits and abstain from the illegal use of controlled
substances, marijuana, cannabinoids, or the excessive consumption of any
alcoholic beverage@; to A[s]ubmit
to an assessment for substance abuse@; to Asuccessfully
complete treatment@; and to A[s]ubmit
non-diluted urine for testing for controlled substances and cannabinoids at the
direction of the supervision officer . . . .@  Chavana was required to report no less than
monthly to his supervision officer.  








In June 2007, police arrested Chavana for the
offense of murder.  The State thereafter
moved to adjudicate Chavana=s guilt
on the burglary of a building offense, alleging that Chavana had violated the
terms and conditions of his deferred adjudication community supervision by (1)
committing a new offense, namely murder; (2) using a controlled substance,
namely marijuana; (3) failing to submit to an assessment for substance abuse on
or about April 30, 2007; (4) failing to submit urine samples on May 23, 2007
and June 1, 2007; and (5) knowingly possessing a firearm away from his
residence.  

At the hearing on the State=s motion
to proceed to adjudication, the State moved forward on only violations two,
three, and four.  After hearing testimony
from Chavana=s probation officer and
reviewing the evidence admitted during the hearing on the State=s motion
to proceed to adjudication, the trial court stated as follows:

Mr. Chavana, the Court having received your pleas of not true to
Paragraphs Two, Three, and 4A as to Paragraph Two, will find the allegation to
be true, specifically noting that State=s Exhibit No. 7 contains a provision that the
marijuana use was while on probation. 
Finds Paragraph Two to be true. 
Paragraph Three, the Court will note that State=s Exhibit No. 3 specifically
states that Defendant did not show up for his assessment and it was not merely
rescheduled.  Find Paragraph Three to be
true.  As to Paragraph Four, the Court
will find Subparagraph 4A to be true. 

 

The trial court adjudicated Chavana=s guilt
and sentenced him to nine months=
confinement.  This appeal followed. 

III.  Adjudication of Guilt Supported By Record

In his sole point, Chavana contends that the
trial court abused its discretion by adjudicating him guilty of the offense of
burglary of a building.  Specifically,
Chavana argues that there was insufficient evidence to support the allegations
contained in the State=s motion to proceed to
adjudication. 








Appellate review of the decision to adjudicate
guilt is Ain the same manner@ as review
of the revocation of community supervision. 
Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2007).[2]  Appellate review of a community supervision
revocation is limited to determining whether the trial court abused its
discretion, and we examine the evidence in the light most favorable to the
trial court=s findings.[3]  See Cardona v. State, 665 S.W.2d 492,
493B94 (Tex.
Crim. App. 1984).  The State must prove
by a preponderance of the evidence that appellant violated the conditions of
his probation.  Cobb v. State, 851
S.W.2d 871, 874 (Tex. Crim. App. 1993). 
The trial judge is the sole trier of facts and determines the
credibility of the witnesses and the weight to be given to the testimony in a
revocation proceeding.  See Lee v.
State, 952 S.W.2d 894, 897 (Tex. App.CDallas
1997, no pet.). 








In its motion to proceed with adjudication, the
State alleged, among other things, that Chavana violated the terms of his
deferred adjudication community supervision by illegally using marijuana on or
about April 9, 2007.  During the hearing
on the motion, the State admitted into evidence a AUse of
Illegal Controlled Substance Statement@ that
states as follows:

I, Jerimiah Chavana,
ACKNOWLEDGE THAT I AM THE PERSON ORDERED TO BE SUPERVISED BY THE COMMUNITY
SUPERVISION & CORRECTIONS DEPARTMENT.

_____________________________________________________________

B STEP ONE B

 

A.  ADMISSION OF USE OF AN ILLEGAL CONTROLLED
SUBSTANCE

 

I voluntarily admit that
since being ordered to report to community supervision (if this is my first
report) and/or since the last time I reported to my supervision officer, I used
the following illegal controlled substance(s):

 

1.     Name
of illegal Controlled Substance:      Marijuana

Date(s) or approximate date(s) of use:                    

 








The form was signed and dated by Chavana and his supervision
officer.  Step Two of the form, a denial
of use of an illegal controlled substance, was blank.        Chavana
argues that, because the date-of-use blank on his admission form was not filled
in, the State could not prove by a preponderance of the evidence that he had
used marijuana on April 9, 2007.  The
State, however, alleged that Chavana Aillegally
used a controlled substance, marijuana, or cannabinoids, or excessively
consumed alcoholic beverages on or about the dates shown below.@  The date shown after that was April 9, 2007Cthe same
date shown at the top of Chavana=s
admission form.  Consequently, Chavana=s
admission that he had used marijuana while on probation, since the last time he
reported to his supervision officer, and prior to the date of the admission formCApril 9,
2007Ccoupled
with the requirement that he report no less than monthly, along with the
reasonable inferences from these basic facts, adequately establishes by a
preponderance of the evidence that such marijuana use occurred on or about
April 9, 2007.  See Rickels v. State,
202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (recognizing in probation revocation
hearing the trial court could infer ultimate facts from basic, proven facts).








        Chavana also argues that a single drug use is not a violation
of condition two of his community supervision that requires him to avoid Ainjurious
or vicious habits.@ 
Condition two, however, provides, that Chavana is to A[a]void
injurious or vicious habits and abstain from the illegal use of controlled
substances, marijuana, cannabinoids, or the excessive consumption of any
alcoholic beverage.@ [Emphasis
added.]  The State did not allege a
violation of the first part of condition two relating to injurious or vicious
habits but instead alleged, as set forth above, that Chavana had violated the
second portion of condition two by illegally using marijuana during his
probationary period.  The evidence
referenced above established by a preponderance of the evidence that Chavana
illegally used a controlled substance, namely marijuana, on or about April 9,
2007.  See Herrera v. State, No.
04-97-00102-CR, 1997 WL 716569, at *1 (Tex. App.CSan
Antonio Nov. 19, 1997, no pet.) (not designated for publication) (holding that
although a single use of an illegal drug may not be enough to constitute a Ahabit@ for the
purposes of a probation violation, a single use of cocaine was enough to
support a finding that appellant violated condition 2 of his probation by using
cocaine).

We therefore hold that the trial court did not
abuse its discretion by finding that Chavana violated the terms and conditions
of his deferred adjudication community supervision and by proceeding with an
adjudication of Chavana=s guilt.  See, e.g., Herrera, 1997 WL
716569, at *1; Wood, 2008 WL 921497, at *1 (holding that trial court did
not abuse its discretion by revoking probation after State proved that police
found marijuana in backpack that appellant was carrying).  Because one sufficient ground for revocation
will support the trial court=s order
revoking probation, we need not address the remaining violations.  See Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. [Panel Op.] 1980); see also Tex. R. App. P. 47.1. 
We therefore overrule Chavana=s sole
point.

 








IV.  Conclusion

Having overruled Chavana=s sole
point, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]Effective June 15, 2007,
the legislature amended article 42.12, section 5(b) of the code of criminal
procedure to omit the provision that no appeal may be taken from a trial court=s determination of
adjudicating guilt and to provide that an appellate court can review a
trial court=s revocation of deferred
adjudication in the same manner as it reviews revocations in which the trial
court had not deferred an adjudication of guilt.  See Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, ' 5, 2007 Tex. Gen.
Laws 4395, 4397 (codified at Tex. Code
Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).





[3]Because the decision to
adjudicate guilt is reviewed in the same manner as the revocation of regular
probation, we utilize the same case law in conducting our review.  Wood v. State, No. 05-07-00830-CR,
2008 WL 921497, at *1 n.2 (Tex. App.CDallas Apr. 7, 2008, no pet.) (not designated for
publication).